IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| YILI TSENG, <br><br> Plaintiff, <br><br> vs. <br><br> MADISON HARRIS,  DOE 1,  DOE 2, DOE 3,  DOE 4,  DOE 5,  DOE 6,  DOE 7, DOE 8,  DOE 9,  DOE 10,  DOE 11,  DOE 12,  DOE 13,  DOE 14,  DOE 15, <br><br> Defendants, | 2:20-CV-01121-CRE |

**REPORT AND RECOMOMENDATION**

**I.   Recommendation**

This civil action was initiated in this court *pro se* on July 27, 2020, by Plaintiff Yili Tseng, who alleges that he was formerly employed as an Assistant Professor at the Slippery Rock University of Pennsylvania. Compl. (ECF No. 1) at ¶ 1. In his complaint, he sets forth state-law tort claims for defamation *per se* and conspiracy against a number of former students. *Id.* at ¶¶ 13-20.

For the reasons that follow, it is respectfully recommended that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

**II.   Report**

**A.  Procedural History**

Plaintiff filed his complaint on July 27, 2020 (ECF No. 1). Because it appeared that this court may lack subject matter jurisdiction over this case, this court issued a show cause order on July 30, 2020, ordering Plaintiff to file a response alleging sufficient facts to support this court's

1

jurisdiction. (ECF No. 5). Plaintiff filed a timely response. (ECF No. 8). This matter is now ripe for disposition.

### B. Standard of Review

"A federal district court has limited subject matter jurisdiction. Lack of subject matter jurisdiction may be raised at any time by the court *sua sponte*. *See Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3rd Cir.1990)." *Daily v. City of Philadelphia*, 98 F. Supp. 2d 634, 636 (E.D. Pa. 2000), *aff'd sub nom. Daily v. Timoney*, 43 F. App'x 522 (3d Cir. 2002). Even where, as here, a defendant has not filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, this court utilizes that standard in determining whether to dismiss the case. *See id*.

"Under Fed.R.Civ.P. 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (quoting *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)). "A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. In reviewing a factual attack, the court may consider evidence outside the pleadings." *Id*. (internal citations omitted). "The plaintiff has the burden of persuasion to convince the court it has jurisdiction." *Id*. at 178.

### C. Discussion

This Court's jurisdiction may be established by alleging facts to support federal question jurisdiction pursuant to 28 U.S.C. § 1331 or facts to support diversity jurisdiction pursuant to 28

U.S.C. § 1332.  A review of Plaintiff's complaint reveals that he has set forth only state-law tort claims for defamation *per se* and conspiracy.  *See* Compl. (ECF No. 1) at ¶¶ 13-20.  Thus, Plaintiff has not established federal question jurisdiction pursuant to 28 U.S.C. § 1331.

To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), a plaintiff must establish that plaintiff and defendant(s) are "citizens of different States." Furthermore, this Court's jurisdiction is based on the facts in existence at the time the complaint was filed.  *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 575 (2004).  "The party asserting diversity jurisdiction bears the burden of proof.  A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (internal citations omitted).  In addition, the plaintiff must establish complete diversity. "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant. The key inquiry in establishing diversity is thus the 'citizenship' of each party to the action." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal citations omitted).

Instantly, Plaintiff's complaint reveals that he is a resident of Pennsylvania. Compl. (ECF No. 1) at ¶ 1.  The only named defendant in the Complaint is Defendant Madison Harris, who is also a citizen of Pennsylvania.  *See* Civil Cover Sheet. (ECF No. 1-5) at 1.  In his response to the show cause order, Plaintiff alleges that another defendant, Connie Lemke, is a citizen of Illinois. Response (ECF No. 8) at 3.

However, even if Ms. Lemke is a Defendant and a citizen of Illinois, Plaintiff has not satisfied the complete diversity requirement so long as Madison Harris, a citizen of Pennsylvania, is a Defendant. *See McKnight v. Hartford Ins. Co.*, 160 F. App'x 220, 222 (3d Cir. 2005) ("It is settled law … that jurisdiction under § 1332 requires complete diversity of citizenship—that is that

no plaintiff can have the same state citizenship as any of the defendants.") (internal quotation marks omitted). Accordingly, it is this Court's recommendation that Plaintiff's complaint should be dismissed without prejudice to his ability to file it in a court with jurisdiction.

### C. Conclusion

Accordingly, upon review of the record, it is respectfully recommended that Plaintiff's complaint be dismissed without prejudice to his ability to file it in a court with jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72, and the Local Rules for Magistrates, and the parties shall have until **August 31, 2020**, to file objections to this report and recommendation. Failure to file timely objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman,* 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing the objections shall have from fourteen days of the date of service of objections to respond thereto.

DATED this 17th day of August, 2020.

                                                    s/*Cynthia Reed Eddy*

                                                   Cynthia Reed Eddy
                                                   Chief United States Magistrate Judge

cc:      Honorable Arthur J. Schwab
          United States Senior District Judge
          *via electronic filing*


          YILI TSENG
          156 Lexington Drive
          Cranberry Township, PA 16066-3728
          PRO SE

5